**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ALAN LESTER MATHESON, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*

Plaintiff,

v.

BRUNO FRUSTACI CONTRACTING INC.,
SUBCONTRACTORS 1-100,
ANTONIO FRUSTACI,
BRUNO FRUSTACI, and
CATERINA FRUSTACI,

Defendants.

Case No.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff ALAN LESTER MATHESON (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, BRUNO FRUSTACI CONTRACTING INC., SUBCONTRACTORS 1-100 ("Corporate Defendants"), ANTONIO FRUSTACI, BRUNO FRUSTACI, and CATERINA FRUSTACI, (the "Individual Defendants", collectively with Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) unreimbursed expenses for tools of the trade; (3) liquidated damages; and (4) attorney's fees and costs.

2. Plaintiff additionally alleges that, pursuant to New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving (2) unreimbursed expenses for tools of the trade; (3) statutory penalties; (4) liquidated damages; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff ALAN LESTER MATHESON is a resident of Brooklyn, New York.

6. Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. is a domestic business corporation operating in New York and organized under the laws of the State of New York with a principal place of business and address for service of process at 347 37th Street, 2nd Floor, Brooklyn, New York, 11232.

7. Individual Defendant ANTONIO FRUSTACI is the owner and founder of all Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. Individual Defendant ANTONIO FRUSTACI exercises operational control as it relates to all employees including

Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant ANTONIO FRUSTACI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all times, employees of BRUNO FRUSTACI CONTRACTING INC. may complain to Individual Defendant ANTONIO FRUSTACI directly regarding any of the terms of their employment, and Individual Defendant ANTONIO FRUSTACI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant ANTONIO FRUSTACI exercises functional control over the business and financial operations of Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. Individual Defendant ANTONIO FRUSTACI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members, and could reprimand employees. *See* **Exhibit A.** At times, Individual Defendant ANTONIO FRUSTACI would delegate part of his powers as an employer—including the power to supervise and compensate, to his supervisors or the subcontractors with which Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. was working on various projects. However, Individual Defendant ANTONIO FRUSTACI still had ultimate authority.

8. Individual Defendant BRUNO FRUSTACI is the owner and founder of all Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. Individual Defendant BRUNO FRUSTACI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant BRUNO FRUSTACI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees,

supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all times, employees of BRUNO FRUSTACI CONTRACTING INC. may complain to Individual Defendant BRUNO FRUSTACI directly regarding any of the terms of their employment, and Individual Defendant BRUNO FRUSTACI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant BRUNO FRUSTACI exercises functional control over the business and financial operations of Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. Individual Defendant BRUNO FRUSTACI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members, and could reprimand employees. *Id.* At times, Individual Defendant BRUNO FRUSTACI would delegate part of his powers as an employer—including the power to supervise and compensate, to supervisors or the subcontractors with which Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. was working on various projects.

9. Individual Defendant CATERINA FRUSTACI is the owner and founder of all Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. Individual Defendant CATERINA FRUSTACI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant CATERINA FRUSTACI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all times, employees of BRUNO

FRUSTACI CONTRACTING INC. may complain to Individual Defendant CATERINA FRUSTACI directly regarding any of the terms of their employment, and Individual Defendant CATERINA FRUSTACI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant CATERINA FRUSTACI exercises functional control over the business and financial operations of Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. Individual Defendant CATERINA FRUSTACI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members, and could reprimand employees. *Id.* At times, Individual Defendant CATERINA FRUSTACI would delegate part of his powers as an employer—including the power to supervise and compensate, to the subcontractors with which Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. was working on various projects.

10. Defendants SUBCONTRACTORS 1-100 refers to other subcontractors, unknown to Plaintiff at this time, to which Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. subcontracted work and on whose projects Plaintiff, FLSA Collective Plaintiffs, and Class Members performed labor ("Subcontractor Defendants"). Defendants SUBCONTRACTORS 1-100 collaborated with Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. and Individual Defendants in the supervision and compensation of Plaintiff, FLSA Collective Plaintiffs, and the Class.

11. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

**JOINT EMPLOYER ALLEGATIONS**

13. Plaintiff was originally hired by Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. to work as an elevator shaft operator on its construction projects.

14. Throughout Plaintiff's employment, Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. engaged a variety of subcontractors to perform some of the work required by its general contracts.

15. Wherever Plaintiff was working, he could see the logos of both Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. and those of the subcontractors at the worksites (on clothing, equipment, etc.), and he received supervision both from Corporate Defendant BRUNO FRUSTACI CONTRACTING INC.'s foremen and Subcontractor Defendants' foremen.

16. Thus, all named Defendants are jointly and severally responsible for wage violations against Plaintiff, FLSA Collective Plaintiffs, and the Class. At all relevant times, Corporate Defendant BRUNO FRUSTACI CONTRACTING INC., Individual Defendants, and Subcontractor Defendants were joint employers collaborating to manage and keep track of Plaintiff's, FLSA Collective Plaintiffs', and Class Members' time records, scheduling, and compensation.

17. Corporate Defendant BRUNO FRUSTACI CONTRACTING INC., Individual Defendants, and the Subcontractor Defendants act as joint employers, who act in the interest of each other with respect to all employees subcontracted between Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. and a given Subcontractor Defendant. Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. and each Subcontractor Defendant have common policies and practices as to wages and hours while working subcontracts together. With regards to

subcontracts, Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. and a given Subcontractor Defendant shared control over Plaintiff, FLSA Collective Plaintiffs, and the Class, dictating the time, place, and matter of their employments.

18. At all relevant times, with regards to the relevant subcontracts, (i) all Subcontractor Defendants acted directly in the interest of Corporate Defendant BRUNO FRUSTACI CONTRACTING INC., as such is the nature of a contractor/subcontractor relationship, (ii) both parties of each subcontract shared the services of the subcontracted employees, and (iii) both parties of each subcontract shared either direct or indirect control of the subcontracted employees. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members simultaneously benefitted both Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. and the Subcontractor Defendant that employed them.

19. At all relevant times, each Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL, and regulations thereunder.

20. At all relevant times, Defendants were employers of Plaintiff, FLSA Collective Plaintiffs, and Class Members, as appropriate, within the meaning of NYLL §§ 2 and 651.

21. At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members were employees of the appropriate Defendants, within the meaning of NYLL §§ 2 and 651.

22. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the businesses operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

23. Plaintiff asserts claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including

general laborers, elevator shaft operators, carpenters, electricians, scaffolders, demolition workers and construction workers, among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (hereinafter, "FLSA Collective Plaintiffs").

24. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs their proper wages owed for all hours worked, including those worked in excess of forty (40) in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

25. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

26. Plaintiff asserts claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including general laborers, elevator shaft operators, carpenters, electricians, scaffolders, demolition workers and construction workers, among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Members" or "Class").

27. The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also able to be determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

28. The proposed Class is so numerous that a joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there is no doubt that there are more than forty (40) members of the Class.

29. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants of: (i) failing to pay overtime wages for hours worked beyond forty (40) hours per week, due to time shaving; (ii) failing to reimburse expenses for tools of the trade; (iii) failure to provide proper wage statements per requirements of NYLL; and (iv) failure to properly provide wage notices, at the date of hiring and annually, per requirements of NYLL.

30. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

31. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Class Plaintiffs in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33. Defendants and other employers throughout the State violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in complaints a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

a. Whether Defendants employed Plaintiff and Class Members within the meaning of New York law and applicable state laws;

b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d. Whether Defendants paid Plaintiff and Class Members for all hours worked, including overtime wages for all overtime hours worked;

e. Whether Defendants provided proper wage statements to Plaintiff and Class Members as required under NYLL and applicable state laws;

f. Whether Defendants provided proper wage and hour notice to employees, pursuant to the requirements of NYLL and applicable state laws; and

g. Whether Defendants reimbursed Plaintiff and Class Members for all expenses for purchasing tools of the trade.

## STATEMENT OF FACTS

35. On or around June 2022, Plaintiff ALAN LESTER MATHESON was hired by Defendants to work as an elevator shaft operator. Plaintiff was employed by Defendants until in or around March 2026.

36. Throughout Plaintiff's employment, he was scheduled to work from Monday to Friday from 7:00 a.m. to 3:30 p.m. for a total of forty-two and one-half (42.5) hours per week. Around once or twice a month, Plaintiff would work on Saturdays. During these weeks, Plaintiff would work for a total of around fifty-one (51) hours per week. FLSA Collective Plaintiffs and Class Members also worked similar hours.

37. Throughout Plaintiff's employment, Defendants paid Plaintiff $24 per hour by weekly paychecks.

***Plaintiff's Time Shaving Claims***

38. Throughout their employment, Defendants had a policy of time shaving Plaintiff, FLSA Collective Plaintiffs, and Class Members. Around four (4) times per week, Defendants would require Plaintiff to work around one (1) hour past his scheduled shift end. Defendants did not pay Plaintiff for the time he spent working outside of his scheduled shift.

39. Similarly, Defendants required FLSA Collective Plaintiffs and Class Members to work past their scheduled shift end, but did not compensate FLSA Collective Plaintiffs and Class Members for the time they spent working outside of their scheduled shift.

40. Additionally, Plaintiff was supposed to get a thirty (30) minute lunch break every day. Around twice a week, Plaintiff was not allowed a free and clear meal break but still had these untaken meal breaks automatically deducted from Plaintiff's weekly paycheck. Therefore, Plaintiff was not compensated for the time he spent working during his lunch breaks.

41. As a result of Defendants' time shaving policy, Plaintiff was not compensated for approximately five (5) hours of work per week, including time worked after the end of Plaintiff's scheduled shift and during Plaintiff's lunch break.

42. At all relevant times, Defendants similarly subjected FLSA Collective Plaintiffs and Class Members to the same time shaving policy and required them to perform work without compensation.

43. Regardless of the subcontractor with whom Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. was working, and regardless of whether employees were paid directly by Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. or by the subcontractor, Defendants always failed to pay Plaintiff, FLSA Collective Plaintiffs, and the Class all wages, including overtime wages, due to time shaving policy. Employees of the subcontractors were controlled by Corporate Defendant BRUNO FRUSTACI CONTRACTING INC. as the general contractor.

44. At all relevant times, Defendants knowingly and willfully operated their business with a policy of failing to pay wages and overtime wages to Plaintiff, FLSA Collective Plaintiffs, and Class Members for all hours they worked due to Defendants' policy of time shaving, in violation of the FLSA and the NYLL.

***Plaintiff's Unreimbursed Expenses for Tools of the Trade Claims***

45. Throughout Plaintiff's employment with Defendants, Plaintiff was required by Defendants to purchase his own tools that were necessary to perform his work for Defendants. Plaintiff was required to purchase a hardhat and safety goggles. Defendants never reimbursed Plaintiff for this required equipment. Similarly, FLSA Collective Plaintiffs and Class Members were also not reimbursed by Defendants for the expenses of purchasing tools necessary to their job.

46. Defendants knowingly and willfully operated their business under a policy of failing to reimburse Plaintiff, FLSA Collective Plaintiffs, and Class Members for expenses incurred for tools of the trade, in violation of the FLSA and NYLL.

***Violations Under the WTPA***

47. At all relevant times, Plaintiff and Class Members never received wage notices from Defendants. They also did not receive accurate wage statements from Defendants.

48. In failing to provide wage statements and notices, Defendants have failed to comply with the law in a manner that entails a concrete harm to an interest identified by the New York State legislature. Following the decision in *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 303 (2d Cir. 2024), Courts have generally held that there is no categorical bar on Article III standing for WTPA claims. Instead, the Second Circuit found that "[t]he lack of such notices and statements might impair 'an employee's ability to seek relief for violations they may not have information about'" to an extent sufficient to support standing.

49. New York Court continue to find sufficient standing to support standing to support these claims. One such Court stated the following at Summary Judgment:

> "Here, the Court determines that Plaintiffs have adequately alleged and established actual and concrete downstream harm as a result of Defendants' failure to provide the required wage and hour notices and wage statements. Plaintiffs have shown that "Defendants' violations impaired their ability to seek relief due to a lack of information." More than that, Plaintiffs have proved, and the Court agrees, that Defendants' failure to maintain proper wage statements because of their automatic meal-break deduction and eight-hour rounding led Plaintiffs to lose wages. These are exactly the types of harm that the Second Circuit considered to be sufficient to establish standing in *Guthrie*. Therefore, the Court finds for Plaintiffs on this issue."

*Sanchez v. Clipper Realty, Inc.*, 2026 U.S. Dist. LEXIS 36716, *61 (S.D.N.Y. February 23, 2026) (internal citations removed).

50. Here, Defendants' conduct has led to exactly the kind of injury contemplated in *Guthrie* and *Sanchez.* By failing to inform Plaintiff and Class Members of the actual hours that

they worked by not providing them with wage statements, Defendants were able to hide their wrongdoing, as Plaintiff and Class Members were unaware of the fact that they were being underpaid. Had Defendants provided proper wage statements to Plaintiff and Class Members which accurately listed the total number of hours Plaintiff and Class Members actually worked, as required by law, Defendants would have had to either (a) increase the wages to correspond to the hours actually worked or (b) forthrightly acknowledge, by way of the wage statement, that the employee's wages did *not* correspond to the hours the employee actually worked.

51. By failing to report Plaintiff's and Class Members' hours, Defendants were able to reduce employee earnings, and Defendants' contribution to those earnings, that they later reported to the IRS through the employees' W-2 form, as such information is derived from the information on employees' wage statements. The effect of reporting reduced wages on an employees' W-2 is, in turn, to reduce the amount of benefits available to the employee—such as unemployment benefits and social security benefits—as an employee's entitlement to benefits reflects how much money he or she is reported as having contributed to the social security system. As a result, Plaintiff and Class Members were irreversibly injured with respect to their benefits (including social security benefits)—a fact which Defendants were able to hide from them by failing to provide them with proper wage statements.

52. Furthermore, Defendants failed to provide any wage notices to Plaintiff or Class Members. Even if Defendants' provided wage notices, the wage notices would have been inadequate as they would have failed to provide employees' actual pay rates, which were reduced by Defendants' time shaving. Once again, had Defendants provided Plaintiff and Class Members with wage notices that communicated the rates that Defendants actually intended to pay them, Plaintiff and Class Members would have been able to contest the unfair pay rates or choose not to

take a job with Defendants. Instead, due to Defendants intentional hiding of that information, Plaintiff and Class Members accepted their employments with Defendants without the knowledge that Defendants did not intend to be bound to their promised pay rates.

53. Defendants knowingly and willfully operated their business with a policy of failing to provide Plaintiff and Class Members with proper wage notices and accurate wage statements, in violation of the NYLL.

54. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members in this litigation, and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

55. Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

56. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57. Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

59. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

60. At all relevant times, Defendants had a policy and practice that failed to pay Plaintiff and FLSA Collective Plaintiffs all wages owed, including overtime for all hours worked in excess of forty (40) hours per workweek, due to time shaving.

61. At all relevant times, Defendants had a policy and practice that failed to reimburse Plaintiff and FLSA Collective Plaintiffs for all costs of purchasing tools necessary for their jobs, which resulted in them incurring additional damages on top of not being properly compensated for all hours they worked.

62. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

63. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

64. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

65. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

66. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of (i) unpaid

wages, including overtime, due to time shaving, (ii) unreimbursed expenses for tools of the trade, plus an equal amount as liquidated damages.

67. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF NEW YORK LABOR LAW**

68. Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

69. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

70. Defendants knowingly and willfully failed to pay Plaintiff and Class Members all their wages, including overtime for each hour worked in excess of forty (40) in a workweek, due to Defendants' time shaving scheme, in violation of the NYLL.

71. Defendants knowingly and willfully failed to reimburse Plaintiff and Class Members all expenses for purchasing tools of the trade, in violation of the NYLL.

72. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members proper wage notices, at dates of hiring and annually thereafter, as required under the NYLL.

73. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members proper wage statements, as required under the NYLL.

74. Due to Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants (i) unpaid wages, including overtime, due to time shaving, (ii) unreimbursed expenses for tools of the trade, (iii) reasonable attorney's fees, (iv) liquidated

damages, (v) statutory penalties, and (vi) costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, due under FLSA and the NYLL;

d. An award of unpaid overtime compensation, due under FLSA and the NYLL;

e. An award of unreimbursed expenses for tools of the trade, due under the FLSA and the NYLL;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay all wages and overtime compensation, pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay all wages and overtime compensation, pursuant to NYLL;

h. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

i. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees;

j. Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of the Class; and

m. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: September 23, 2026
New York, New York

Respectfully submitted,
By: /s/ *CK Lee*
C.K. Lee, Esq. (CL 4086)

**LEE LITIGATION GROUP, PLLC**
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*